USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 31, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MICHAEL F. ARMSTRONG, as Receiver for             :
Ashbury Capital Partners, L.P., Ashbury Capital
Partners, L.P., Ashbury Capital Management,       :
L.L.C., Apex Investments, and the assets of
Mark Yagalla,                                     :

                   Plaintiff,                  :

  -against-                                        :

RONALD COLLINS, et al.,                           :

                  Defendants.                 :

------------------------------------------------------------------x

01 Civ. 2437 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Both parties cross-move for reconsideration of the Court's Order of March 24, 2010 granting, in part, and denying, in part, Armstrong's motion for summary judgment; and denying Collins' motion for partial summary judgment.

Reconsideration of a previous order is an extraordinary remedy to be employed only when there is an intervening change in controlling law, new evidence available, or the need to correct a clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). The Court denies both motions for reconsideration because they fail to meet this high standard. There are no new facts and the arguments were previously considered by the Court. Accordingly, the Court finds no reason to depart from its prior decision.

To begin, both parties argue that the opposing party's motion is procedurally defective. The Collinses argue that Armstrong's motion was filed one day late and should be dismissed as a result. Armstrong argues that the Collinses' motion was (1) misfiled and never refiled; (2) not served on Armstrong; and (3) untimely because it is not responsive to Armstrong's motion and, therefore, not a cross-motion and should have been brought on its own. As a matter of strict pleading, both parties are correct, but the delays are minimal; no prejudice resulted; and it is preferable to have a ruling on the merits rather than for procedural reasons. Accordingly, the Court will consider the substance of the motions.

**ARMSTRONG MOTION**

Briefly, Armstrong sought to have certain transfers to Collins voided as fraudulent conveyances, on an actual intent or a constructive fraud basis. The Court voided all transfers made in excess of the Collins' original investments. Accordingly, it granted Armstrong judgment in the amount of $591,547, but denied the balance of Armstrong's motion.

Armstrong's motion asks the Court to reconsider its decision to deny summary judgment voiding $2.1 million in conveyances. Armstrong argues that, even if the earliest date cannot be ascertained at this point, the evidence is clear and undisputed that the Collinses were on notice of facts sufficient to lead to a duty to investigate as of September 20, 2000. Yagalla testified that this is the date on which "he told the Collins that he was using investor funds to trade for himself and had 'experienced significant losses. (Quoting Yagalla Dep. I at 136)." (March 24, 2010 Opinion at page 52-53). Armstrong contends that, since the Court's findings were consistent with these facts, it "must have overlooked its power to grant partial summary judgment and void [the subsequent] conveyances." (Mem. In Supp. 1).

While it is clear that at some point the Collinses "could no longer safely turn a blind eye to the mounting evidence that Yagalla was not engaged in legitimate business," and after the September 20, 2000 meeting, the Collinses would be "hard pressed" to continue making an argument about their good faith, the exact point in time has not been fixed as a matter of fact. Id. at 52 (quotations omitted). At some point, the Collinses must have known, and this could be applicable to transfers, both before September 20, 2000 and after, as well. A good faith defense will no longer be available due to mounting adverse evidence, but precisely when that occurred is a question of fact which remains to be determined.

**COLLINS MOTION**

The Collinses cross-move for reconsideration of the findings that a Ponzi scheme existed and that the transfers to them were related to this scheme. Alternatively, they request certification for an interlocutory appeal of these issues, as well as a stay of enforcement of the March Order. The Collinses argue that the existence of a Ponzi scheme is a pure question of fact for which summary judgment is not appropriate. Again, they raise the same arguments rejected in the March Order, namely (1) that an essential element of a Ponzi scheme—the promise of large returns—was missing, and (2) that the defendants' expert concluded that the existence of a Ponzi scheme was indeterminable. The Collinses arguments are not grounded in common sense, including their purported expert's opinion that Yagalla's failure to keep detailed records of his fraud means there can be no proof of fraud. Similarly, it defies logic to suggest that Yagalla's confessions to criminal activity are de facto self-serving and unreliable. The arguments were made before and their repetition now does not make them any more convincing than they were previously.

In addition, the Collinses have offered no evidence to suggest that these transfers were insulated from this large and growing Ponzi scheme. This case is not like <u>In re Sharp International Corp.</u>, 403 F.3d 43 (2d Cir. 2005), where the Court determined that the repayment of a pre-existing loan was not related to the fraudulent scheme. The transfers at issue here are not isolated transactions. They were integral to the perpetuation of the Ponzi scheme.

Certification of an interlocutory appeal is a rare exception to the rule that only final judgments are appealable. <u>See</u> 28 U.S.C. § 1291. 28 U.S.C. § 1292(b) provides for interlocutory appeal only when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where an immediate appeal "may materially advance the ultimate termination of the litigation." The Collinses request satisfies neither requirement. Further, they cite no cases which substantially disagree with the definition of a Ponzi scheme. The motion to certify an interlocutory appeal is DENIED.

Finally, this Court rejects the request to stay the enforcement of its March Order as unnecessary.

The Clerk is directed to close these motions.

Dated: New York, New York
       January 31, 2011

SO ORDERED

/s/ Paul A. Crotty

PAUL A. CROTTY
United States District Judge